IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARISUE TATE and TRACI LONG,

    Plaintiffs,

v.                                                   No. 18-cv-0857 GBW/SMV

MAURO ACUNA, JORGE TORRES, and
FRANKS INTERNATIONAL, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1] and Answer [Doc. 2], filed by Defendant Franks International, LLC, on September 12, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Having considered the record, the applicable law, and being otherwise fully advised in the premises, the Court concludes that Defendant Franks fails to allege sufficient facts to sustain diversity jurisdiction. There are three shortcomings. First, allegations of *citizenship* are required; allegations of residency are not enough. Second, there are no allegations as to the citizenship of each and every member of Defendant Franks International, LLC. Finally, the allegations must be clear that they relate to the date on which the original complaint was filed in state court. The Court will grant Defendant Franks leave to amend its Notice of Removal and/or Answer no later than **October 12, 2018**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## Background

On September 12, 2018, Defendant Franks International, LLC, filed its Notice of Removal of Action Under 28 U.S.C. Section 1441(b). [Doc. 1]. The Notice asserts that there is complete diversity between Plaintiffs and Defendants and that the amount in controversy exceeds $75,000. *Id*. at 2. In support of its claim of diversity of citizenship, Defendant Franks alleges:

> Plaintiff Marisue Tate was, at the time of filing, a resident of the State of New Mexico, County of Lea. Plaintiff Traci Long was, at the time of filing, a resident of the State of Tennessee. Defendant Franks International, LLC was, at the time of filing, a foreign corporation incorporated under the laws of the State of Texas and with a principle place of business of the State of Texas. Defendants Mauro Acuna and Jorge Torres were, at the time of filing, residents of the State of Texas. Defendant Mauro Acuna resides in Mission, Texas. Defendant Jorge Torres resides in Edinburg, Texas. The citizenship of each party to this action is diverse from the other party in this action.

[Doc. 1] at 2.

## Legal Standard

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The party asserting federal jurisdiction is required to prove jurisdictional facts by a "preponderance of the evidence[.]" *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a) (2011). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the state in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c)(1). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234.

The relevant time period for proving jurisdictional facts is the time of the filing of the complaint. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Siloam Springs*, 781 F.3d at 1239. The "time-of-filing" rule requires a determination of "the

jurisdictional facts as they are when the complaint is filed, not as they might be upon final judgment." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Accordingly, in determining whether a federal court has diversity jurisdiction, the court must evaluate whether the parties were diverse at the time the complaint was filed. *Id.*

## Analysis

Here, the facts set forth in the Notice of Removal and Answer do not sufficiently establish the citizenship of Plaintiffs or Defendants. First, none of the relevant filings (Complaint [Doc. 1-2] at 1–4, Amended Complaint [Doc. 1-2] at 1–4, Notice of Removal [Doc. 1], Answer [Doc. 2]) alleges each party's "citizenship." The filings refer to each party's being a "resident" of a state, but residency is not sufficient. Second, Defendant Franks fails to allege the citizenship of each and every one of its members. Third, Defendant Franks must clearly make its allegations of citizenship as to *the time of the filing of the Complaint*.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be

"too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (footnotes omitted). Accordingly, the Court will give Defendant Franks International, LLC, the opportunity to amend its Notice of Removal and/or Answer to properly allege the citizenship each and every party at the time the Complaint was filed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Franks International, LLC, is granted leave to amend its Notice of Removal and/or Answer to adequately allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 12, 2018**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **October 12, 2018**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**